**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| FRANK D. MONSEGUE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-081 |
| | ) | |
| TRICIA GRIFFITH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Frank D. Monsegue, Sr. filed this case alleging various tort claims arising out of financial transactions. *See* doc. 1 at 4. The Complaint was filed on April 5, 2022, *id.*, and the Clerk issued summonses directed to defendants Tricia Griffith, Greg A. Choen, Jovel Yanalta, and Alexis DeNuccio on April 12, 2022, doc. 5. Defendant Griffith waived personal service, doc. 6, and has moved to dismiss, doc. 7. Monsegue has filed a Motion for Default Judgment against the remaining defendants and, apparently, another entity. *See* doc. 13. Griffith informed the Court of a dispute that arose during the Rule 26(f) conference. Doc. 17. The parties subsequently filed a Rule 26(f) Report, discussed below. Doc. 18. Finally, Griffith filed a Motion to Stay pending

the disposition of her Motion to Dismiss.  Doc. 19.  The Motion to Stay stands unopposed.  *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within the applicable [fourteen-day] time period shall indicate that there is no opposition to a motion.").

The Court will first address Monsegue's Motion for Default Judgment.  Doc. 13.  Rule 55 requires that the party's failure to respond be "shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).[1]  Although Monsegue attaches copies of the summonses issued by the Clerk, there is no indication, or indeed even an assertion, that those summonses were served upon any defendant.  *See generally* doc. 13.  Defendant Griffith waived personal service, *see* doc. 13 at 4, but she timely responded by moving to dismiss.  *See* docs. 6 & 7.[2]  It is also not clear from Monsegue's

---

[1]  The only legal authority cited in Monsegue's Motion are sections of the Georgia Civil Practice Act.  *See* doc. 13 at 1 (citing O.C.G.A. §§ 9-11-12, 9-11-55).  It is woefully deficient.  State procedural rules have no application in federal court.  *Cf. Suggs v. Bank of America, N.A.*, 2012 WL 13012625, at *1 (N.D. Ga. Jan. 25, 2012).  Given Monsegue's *pro se* status, the Court considers his request for default judgment under the standard imposed by Federal Rule of Civil Procedure 55.

[2]  Defendant Griffith's executed service waiver indicates that it was mailed on April 27, 2022.  Doc. 6 at 1.  Pursuant to the Federal Rules, a defendant who waives service must file their responsive pleading within 60 days after the request was sent.  *See* Fed. R. Civ. P. 4(d)(3).  Sixty days after April 27 was Sunday, June 26, 2022.  By operation of the Rules, if the last day of a period stated in days falls on a Sunday, "the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Fed. R. Civ. P. 6(a)(1)(C).  Thus, Griffith's responsive pleading was due no later than June 27, 2022.  She filed her Motion to Dismiss on that date.  *See* doc. 7.

Motion that he even asserts that Griffith is in default.  *See* doc. 13 at 1 (listing defendants "Caine & Weiner Company, Inc.,[3] Greg A. Choen, Jovel Yanalta, [and] Alexis DeNuccio" in the caption of the motion and seeking default judgment "against Defendants").

It appears, therefore, that the defendant who waived service has responded and there is no indication that any of the defendants who have not responded have been served or waived service.  Accordingly, Monsegue's Motion for Default Judgment should be **DENIED**.  Doc. 13. *See, e.g., Zaldivar v. D. Ray James Corr. Facility*, 2020 WL 8254491, at *3 (S.D. Ga. Dec. 31, 2020) ("A default judgment is not warranted because Defendants have not been served, and it is impossible that Defendants 'failed to plead or otherwise defend' themselves." (citations omitted)).

The non-appearance by the defendants, other than Griffith, raises an additional issue.  The Federal Rules make plaintiffs responsible for

---

The filing of that Motion alters the deadline for her responsive pleading until "14 days after notice of the court's action," on her Motion.  *See* Fed. R. Civ. P. 12(a)(4).

[3]   Although Monsegue's factual allegations mention "Caine & Weiner, a debt collection agency," doc. 1 at 4, that entity is not listed as a defendant in either the caption, *see id.* at 1, or the body of the Complaint, *see id.* at 2-3.  There is no indication that Monsegue ever requested a summons be issued for the entity either.  *See* doc. 2; *see also* doc. 5.  To the extent that Monsegue intended to assert a claim against the entity, he has not done so.

serving pleadings, *see* Fed. R. Civ. P. 4(c)(1), and they impose a ninety-day time limit to effect service, *see* Fed. R. Civ. P. 4(m).  If service is not perfected within the ninety-day period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against [the unserved] defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  If a plaintiff shows "good cause" for failing to perfect service within the time period, "the court must extend the time for service for an appropriate period."  *Id.*  Plaintiff filed his Complaint on April 5, 2022.  Doc. 1.  The ninety-day period ran out, therefore, on July 5, 2022.[4]

Accordingly, Monsegue is **DIRECTED** to respond to and **SHOW CAUSE**, no later than November 9, 2022, why his claims against defendants Choen, Yanalta, and DeNuccio should not be dismissed for his failure to timely serve them.  Fed. R. Civ. P. 4(m).  To the extent that Monsegue seeks additional time to perfect service upon those defendants, or to submit proofs of service, he must do so no later than November 9, 2022.

---

[4] Since the ninetieth day was July 4, 2022, the period was extended by Rule.  *See* Fed. R. Civ. P. 6(a)(1)(C); *see also* 5 U.S.C. § 6103.

Defendant Griffith has also moved to stay this action until the Court resolves her Motion to Dismiss.  Doc. 19.  Monsegue has not responded to oppose that motion.  *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within the applicable [fourteen-day] time period shall indicate that there is no opposition to a motion.").  To the extent that Monsegue's opposition to the stay is asserted in the parties' 26(f) report, as discussed below, the assertion does not excuse his obligation to respond to the motion and it does not assert any valid grounds to opposed the stay.  *See* doc. 18 at 3.

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery."  *SP Frederica, LLC v. Glynn Cnty.*, 2015 WL 5242830, at \*2 (S.D. Ga. Sept. 8, 2015) (internal quotation marks omitted) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).  In evaluating stays of discovery pending resolution of dispositive motions, "a court must take a 'preliminary peek' . . . to assess the likelihood that the motion will be granted."  *Taylor v. Jackson*, 2017 WL 71654, at \*1 n.2 (S.D. Ga. Jan. 6,

2017) (quoting *Sams v. GA West Gate, LLC*, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016)).  "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive."  *Sams*, 2016 WL 3339764 at *6.  "[A] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case."  *CSX Transp., Inc. v. United States*, 2014 WL 11429178, at *1 (S.D. Ga. May 30, 2014) (citing *Feldman*, 176 F.R.D. at 652).

Defendant Griffith's Motion asserts multiple grounds for dismissal that are not facially invalid.  *See, e.g.,* doc. 7 at 2-3.  Were Griffith the only defendant in this case, her Motion might be case dispositive.  However, as discussed above, several defendants remain unserved.  To the extent that Monsegue seeks additional time to serve those defendants, the service issues should be resolved before addressing Griffith's Motion to Dismiss.  Although a stay pending disposition of Griffith's Motion to Dismiss is not clearly appropriate, a stay of all deadlines pending resolution of the service issues is.  *See, e.g., Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (district courts enjoy "broad discretion over the management of pre-trial

activities, including discovery and scheduling."). All deadlines in this case are, therefore, **STAYED** until further Order from the Court, pending Monsegue's compliance with the Court's show-cause Order, discussed above. The Court will consider whether to continue the stay based upon his response to that Order. Griffith's Motion to Stay is, therefore, **DISMISSED** as moot. Doc. 19.

Finally, the parties have filed a report of their conference, as required by Federal Rule 26(f). *See* doc. 18. Given the directions concerning service and the stay discussed above, the Clerk is **DIRECTED** to **TERMINATE** the Report as moot. Doc. 18. The Court will provide specific directions to the parties concerning an updated Rule 26(f) report as appropriate when the stay, discussed above, is lifted.

The contents of the Report indicate that Monsegue labors under a misunderstanding of the Court's Rule 26 Order. The Report repeatedly states that Monsegue opposes Griffith's scheduling proposals because he asserts noncompliance with Judge Baker's Rule 26 Order's requirement of "a [s]incere, good faith effort to try and resolve all differences without Court action or intervention." *See, e.g.,* doc. 18 at 3. The language that Monsegue has apparently fixed upon concerns prerequisites for filing

"discovery motions." *See* doc. 4 at 5-6.  The requirement does not apply to conferencing and scheduling issues.  *See id.* at 2-3.  Although the Court cannot provide Monsegue with any legal guidance, he is advised to familiarize himself with the Federal Rules of Civil Procedure.  *Cf. Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").  An electronic version of the Rules is available on the United States Courts website, at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.  This Court's Local Rules are available at https://www.gasd.uscourts.gov/court-info/local-rules-and-orders.

In summary, Monsegue's Motion for Default Judgement should be **DENIED**.  Doc. 13.  He is **DIRECTED** to respond and **SHOW CAUSE** no later than November 9, 2022 why his claims against defendants Choen, Yanalta, and DeNuccio should not be dismissed for failure to timely serve.  *See* Fed. R. Civ. P. 4(m).  He is free to submit proof of service or to seek additional time to perfect service within that same period.  All deadlines in this case are **STAYED** until further Order of the Court,

8

pending Monsegue's compliance with this Court's Order.   Griffith's Motion to Stay is **DISMISSED** as moot.  Doc. 19.  Finally, the Clerk is **DIRECTED** to **TERMINATE** the parties' Rule 26(f) Report.  Doc. 18.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F.

App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND REOMMENDED**, this

27th day of October, 2022.

_____

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA