UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| FRANK D. MONSEGUE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-081 |
| | ) | |
| TRICIA GRIFFITH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Frank D. Monsegue, Sr. filed this case alleging various tort claims arising out of financial transactions. *See* doc. 1 at 4. Defendant Tricia Griffith appeared and moved to dismiss Monsegue's claims against her, pursuant to Federal Rule 12(b)(6). Doc. 7. Monsegue responded to that Motion, doc. 11, and Griffith replied, doc. 12. That Motion is, therefore, ripe for disposition. In addressing Monsegue's motion seeking a default judgment against the other named defendants, and given the lack of any indication that they had been served, the Court directed Monsegue to show cause why his claims against those defendants should not be dismissed, pursuant to Federal Rule 4(m). *See* doc. 23. He responded. *See* doc. 24 at 1. In his Order denying Monsegue's

Motion for Default Judgment, the District Judge explained that "[n]one of [the] methods of 'notice[,]' [identified in Monsegue's response to the show-cause order,] is sufficient to effect service, pursuant to Federal Rule of Civil Procedure 4." Doc. 25 at 1. There is no indication that Monsegue has taken any further steps to serve any of those defendants. *See generally* docket.

## I.    Griffith's Motion to Dismiss (Doc. 7)

Defendant Griffith argues that Monsegue's allegations against her fail to state any claim upon which relief may be granted. *See* doc. 7 at 8-17. In addition to the specific defects that Griffith identifies in Monsegue's Complaint, she also notes that it "employs a 'shotgun' pleading approach that does not clearly articulate the claims he purports to bring." *Id.* at 5. Since she is correct that Monsegue's Complaint is an impermissible "shotgun pleading," her specific arguments concerning the impossibility of certain legal theories are largely premature.

Griffith is correct that Monsegue's Complaint can only be characterized as what is "often disparagingly referred to as [a] 'shotgun pleading.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has engaged in a "thirty-

year salvo of criticism aimed at shotgun pleadings, and there is no

ceasefire in sight." *See id.* at 1321 & n.9 (collecting cases).  The crux of

the Court's admonishment of shotgun pleadings is that they fail to adhere

to pleading requirements designed to ensure that a defending party is

provided enough clarity to adequately respond, "making it nearly

impossible for Defendants and the Court to determine with any certainty

which factual allegations give rise to which claims for relief." *Jackson v.*

*Bank of America, N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018).

> Shotgun complaints typically present in four varieties:
>
> (1) a complaint containing multiple counts where each count
> adopts the allegations of all preceding counts; (2) a complaint
> that is replete with conclusory, vague, and immaterial facts
> not obviously connected to any particular cause of action; (3)
> a pleading that does not separate into a different count each
> cause of action or claim for relief; and (4) a pleading that
> asserts multiple claims against multiple defendants without
> specifying which defendant allegedly committed which claim.

*Adams v. Huntsville Hosp.*, 819 F. App'x. 836, 838 (11th Cir. 2020) (citing

*Weiland*, 792 F.3d at 1321–23).  Generally, a Court faced with a shotgun

pleading should *sua sponte* afford a litigant an opportunity to remedy the

deficiencies.  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th

Cir. 2018).

Monsegue identifies four defendants in this case. *See* doc. 1 at 2-3. His factual allegations, however, do not mention *any* of those defendants. *See id.* at 4. It is clear that he asserts multiple claims. *See id.* (referring to a "frivolous debt claim," "wire fraud," "mail fraud," "fraudulent reporting," "defamation," and actions in violation of the "Fair Debt Collections Act"). However, he never "specif[ies] which defendant allegedly committed which act." *Adams*, 819 F. App'x at 838. Griffith's Motion requests dismissal based on "inferences" concerning the nature of his claims and indications from the Civil Cover Sheet. *See* doc. 7 at 4-5, 4 n. 4. While the Court might find those inferences plausible, they do not preclude the possibility that Monsegue might state *some* claim against Griffith. The Court cannot, therefore, conclude that amendment would be entirely futile. Monsegue is, therefore, entitled to an opportunity to amend his Complaint. *See, e.g., Faison v. Ratliff*, 2022 WL 577584, at *4 (11th Cir. Feb. 25, 2022) (recognizing that courts need not permit amendment of shotgun pleadings where amendment is futile).

Despite being unable to conclude that amendment would be wholly futile, it is clear that Monsegue's claims arising from criminal laws are frivolous. *See* doc. 7 at 17. Monsegue's Complaint vaguely asserts claims

4

for "mail fraud" and "wire fraud."  *See* doc. 1 at 5.  His response to Griffith's Motion to Dismiss contends that he has "alleged sufficient facts to state claims for . . . Grand Larceny . . . , wire fraud, . . . [and] mail fraud," among other causes of action.  *See* doc. 11 at 1.  He later invokes criminal statutes, 18 U.S.C. §§ 1344 & 657, and refers to "a criminal act." *Id.* at 2.  Any amendment of Monsegue's claims in this civil case based on allegations of criminal violations would be futile.

As other courts have observed, "a private citizen[ ] may not enforce the federal criminal code."  *Mattera v. Ultimate Motors, Inc.*, 2019 WL 13234215, at *2 (S.D. Fla. May 6, 2019); *see also Jory v. Global Indus., LLC*, 2010 WL 11619046, at *2 (S.D. Ala. Oct. 5, 2010) ("Generally speaking, a private right of action cannot be inferred from a criminal statute.").  Griffith correctly points out that federal criminal prohibitions on mail and wire fraud do not provide a private right of action.  *See* doc. 7 at 17 (citing, *inter alia.*, *Austin v. Global Connection,* 303 F. App'x 750, 752 (11th Cir. 2008)).  She also correctly explains that the statutes he cites in his response do not provide any private right of action.  *See* doc. 12 at 5; *see also, e.g., Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137-38 (4th Cir. 1987) (finding no civil cause of action provided by federal

criminal statutes, including 18 U.S.C. § 657, "which deal with embezzlement, fraud and misrepresentation."); *Stephens v. Regional Hyundai, LLC*, 2022 WL 3139749, at \*3 (N.D. Okla. Aug. 5, 2022) ("[Section] 1344 is a federal criminal statute, and this statute does not create a private right of action for civil claims[,]" and collecting cases).[1] To the extent that Griffith seeks dismissal of any of Monsegue's claims arising from federal criminal statutes, her Motion should be **GRANTED**, doc. 7, in part, as any amendment of those claims would be futile. *See Faison*, 2022 WL 577584, at \*4.

## II.   Unserved Defendants

The Court previously informed Monsegue that Federal Rule of Civil Procedure 4(m) requires "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against [the unserved] defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see* doc. 23 at 4. The court must extend the

---

[1] Although Monsegue does not clearly seek to initiate a prosecution based on the alleged criminal violations, it is clear that any such implicit request is frivolous. *See, e.g., Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution." (citing *Linda R. v. Richard V.,* 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."))); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("[A] private citizen has no authority to initiate a federal criminal prosecution.").

deadline if the plaintiff shows "good cause," which "exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Philpot v. Peach State Health Plan*, 2022 WL 17279389, at *2 (11th Cir. Nov. 29, 2022) (internal quotation marks omitted) (quoting *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)).  Monsegue's response to the Court's show-cause Order does not indicate any reason why he failed to timely serve defendants Cohen, Yanalta, and DeNuccio.  *See* doc. 24 at 1. "[W]hen a district court finds a plaintiff has demonstrated no good cause under Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case."  *Philpot*, 2022 WL 17279389, at *2 (internal quotation marks omitted) (quoting *Lepone*-Depmsey, 476 F.3d at 1281).  Importantly here, the period "provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint."  *Proctor v. Navka, LLC*, 2015 WL 1788939, at *2 (S.D. Ga. Apr. 20, 2015).

The District Judge's Order on the Motion for Default Judgment provides the latest possible date upon which Monsegue was informed

that his proffered "methods of 'notice'," were not sufficient to effect service on defendants Cohen, Yanalta, and DeNuccio. *See* doc. 25 at 1. Despite the passage of more than one month since that Order, *see id.* at 2 (entered November 17, 2022), Monsegue has taken no apparent action to either serve those defendants or to proactively seek an extension of Rule 4(m)'s deadline. Given those circumstances, the Court should conclude that no *sua sponte* extension of that deadline is warranted here. Accordingly, Monsegue's claims against defendants Cohen, Yanalta, and DeNuccio should be **DISMISSED without prejudice**. Fed. R. Civ. P. 4(m).

In summary, Monsegue's Complaint is an impermissible "shotgun pleading." Despite defendant Griffith's attempt to argue for the dismissal of claims she "infer[s]" he asserts, his Complaint is simply too vague and ambiguous to conclude that *any* amendment of his claims against her would be futile. *See Faison*, 2022 WL 577584, at \*4. Since the Court cannot conclude that amendment would be futile, it must, *sua sponte*, afford Monsegue an opportunity to amend his Complaint. *See Vibe Micro*, 878 F.3d at 1295. Monsegue is, therefore, **DIRECTED** to submit his Amended Complaint by no later than February 3, 2023. He

is advised that his amended complaint will supersede the current operative complaint and therefore must be complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). Monsegue is further advised that failure to timely submit his amended complaint may result in a recommendation that this case be dismissed for failure to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b).

Since his Amended Complaint will supersede his original, Griffith's Motion to Dismiss is moot, to the extent that it seeks dismissal of potentially amendable claims. *See, e.g., NIJ Hosp. LLC v. Palomar Specialty Ins. Co.*, 2022 WL 16753122, at *1 (S.D. Ga. Nov. 7, 2022). It should, therefore, be **DENIED, in part**, doc. 7, with leave to renew, upon filing of Monsegue's Amended Complaint and within the time prescribed by the Federal Rules. *See id.* However, since it is clear that Monsegue's claims based upon federal criminal statutes are not amendable, Griffith's Motion to Dismiss should be **GRANTED, in part**. Doc. 7. All claims against defendants Cohen, Yanalta, and DeNuccio should be **DISMISSED without prejudice** for Monsegue's failure to timely serve those defendants. *See* Fed. R. Civ. P. 4(m).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F.

App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**,

this 6th day of January, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA